[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff surety brings this action to recover damages from the defendants, alleged to have been incurred by the defendants' breach of contract. The plaintiff had an agreement with the defendant insurance agency through the defendant principal to issue payment and performance bonds underwritten by the plaintiff. As part of that agreement, the defendants were required to obtain approval from the plaintiff prior to issuing such bonds. The plaintiff alleges that, despite the plaintiff's refusal, the defendants issued a bid bond to Enfield Excavating for a certain project on or before August 7, 1984 and when Enfield Excavating was awarded the contract the plaintiff issued payment and performance bonds to avoid liability under the bid bond. Subsequently the plaintiff, pursuant to the obligations of its bonds, was compelled to complete the contract when Enfield Excavating was unable to perform. The project was completed in November, 1989 and this action was commenced on October 7, 1991. The defendants have moved for summary judgment on the special defense that the action was brought more than six years after the accrual of the plaintiff's cause of action and therefore it is barred by the applicable statute of limitations. The file in this matter being presently unavailable, the parties agreed to submit the motion to this court on their respective memoranda of law and a copy of the complaint, stipulating that for the purposes of this motion the pleadings have been closed.
Both parties agreed that the applicable statute of limitations is the C.G. 52-576 (a), having a six years limitation period. The sole issue placed before the court is when did the cause of action accrue. The defendants claim that the cause of action accrued on the date of the alleged breach, the issuance of the bid bond on August 7, 1984, or, at the latest, the date on which the plaintiff made its first payment in claim under the bonds on June 21, 1985. The plaintiff claims that the action did not accure until the underlying liability had been fully established which would have been when the project was completed.
In an action for breach of contract, as is pleaded here, the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted and ignorance of the fact of damage does not prevent the running of the statute unless there is fraudulent concealment of the cause of action. Beckenstein v. Potter Carrier, Inc., 191 Conn. 150,156. The plaintiff has not pleaded fraudulent concealment nor has it pleaded that the contract with the defendants contained a hold harmless agreement or clause nor that the CT Page 543 defendants were guarantors. Since the action is barred by the statute of limitations, Id. 160, there is no genuine issue of material fact. Mingachos v. CBS, Inc., 196 Conn. 91, 111.
For the above reasons the motion for summary judgment is granted.
CORRIGAN, J.